# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**State of West Virginia,**
**Petitioner Below, Respondent**

**vs) No. 17-0920** (Morgan County 16-F-47)

**Robert Blake,**
**Defendant Below, Petitioner**

**FILED**

**January 14, 2019**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Robert Blake, by counsel Ben J. Crawley-Woods, appeals his conviction of one count of possession of child pornography and four counts of second offense failure to register as a sex offender. Respondent State of West Virginia, by counsel Gordon L. Mowen, and Zachary Aaron Viglianco filed a response, to which petitioner did not reply.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the order of the circuit court is appropriate under Rule 21 of the Rules of Appellate Procedure.

In 2016, the West Virginia State Police ("WVSP") received a tip from Twitter that a file containing child pornography was being uploaded to their servers. The WVSP tracked the IP address of that Twitter account, which led them to the residence of petitioner, who is a registered sex offender. Based upon this information the WVSP then applied for a search warrant for the premises and presented the warrant to the Morgan County magistrate who found probable cause. The WVSP then executed the search warrant.

Petitioner arrived home during the search, and upon his arrival, Trooper Garrett of the WVSP informed petitioner that if he gave a statement, it would be non-custodial, and that petitioner was free to leave. He then obtained a recorded interview of petitioner, who denied using the internet, denied knowledge of Twitter, and denied using the suspected e-mail addresses. Trooper Garrett also spoke with another resident of the home who denied using the suspected e-mail addresses. Trooper Garrett then returned to petitioner, and asked him for his identification. In response, petitioner handed his wallet to Trooper Garrett. There was a piece of paper next to petitioner's driver's license in his wallet. Trooper Garrett opened the paper to view its contents, which contained a list of e-mail addresses, one of which matched the address identified by Twitter.

Petitioner acknowledged that he owned the e-mail addresses and the Twitter account

1

associated with the pornography files. Petitioner further advised Trooper Garrett that he used a laptop to access the internet, but stored the laptop at a different residence. Trooper Garrett transported petitioner to the other residence to retrieve the laptop, and then transported petitioner back to his own home. Officers found child pornography on the seized laptop. Petitioner was not arrested at that time, and was later indicted during the Spring of 2016 Term of Court for one count of possession of child pornography and four counts of failure to register as a sex offender related to his e-mail address, Twitter, and Skype accounts.[1]

Petitioner filed pre-trial motions to suppress the seized property and any statements prior to trial, arguing that the search warrant was invalid, because the warrant was not signed on two particular pages, and that petitioner's statements were made in violation of *Miranda v. Arizona*, 384 U.S. 436 (1966). The circuit court denied the motion to suppress, finding that the magistrate's failure to sign each of the search warrant pages was immaterial, because the warrant was signed elsewhere, that petitioner's statements made to law enforcement were voluntary, and that the list of e-mail addresses was properly seized, as petitioner consented to a search of his wallet.

Petitioner's trial began on April 12, 2017, and the State presented the testimony of Trooper Garrett, who testified as to his investigation, the seizure of the computer and paper containing e-mail addresses, and petitioner's statements admitting ownership of the e-mail address and the computer. Trooper Garrett acknowledged that petitioner did not admit to using Skype but admitted to searching the term "barely legal" because he thought it meant that the subjects of the pictures were of legal age. The State also introduced the testimony of Sgt. David Boober, who testified that he examined another computer where he discovered the same e-mail address found in petitioner's wallet. At the close of state's evidence, petitioner moved for judgment of acquittal, arguing that he did not admit to using the Skype accounts, and that the State had not proven that petitioner knowingly possessed child pornography. The circuit court denied the motion.

Petitioner called Linda Fox, who testified that she lived with petitioner and his roommate, that petitioner's roommate was on the computer all day and very familiar with computers, and that the roommate wanted petitioner to move out. Petitioner did not testify on his own behalf. At the close of evidence, petitioner renewed his motion for judgment of acquittal. Following argument and deliberations, the jury found petitioner guilty of one count of possession of child pornography, and three counts of failure to update the sex offender registration regarding his e-mail address, Twitter, and Skype accounts. Petitioner was sentenced on August 30, 2017. The circuit court sentenced petitioner to a term of two to ten years of incarceration for his conviction of possession of child pornography, and to a term of ten to twenty years of incarceration for each count of second offense failure to register as a sex offender, for an aggregate sentence of thirty-two to seventy-five years in prison. Petitioner now appeals his conviction and sentence.

Petitioner asserts four assignments of error on appeal. Petitioner complains that the circuit court erred in failing to suppress property seized pursuant to the warrant, which petitioner contends was unlawful. Petitioner asserts further that the circuit court erred in failing to suppress

---

[1] Count Two, related to a second e-mail address was dismissed prior to trial.

his statements to law enforcement, erred in denying his motion for judgment of acquittal, and erred in considering an impermissible factor in sentencing petitioner. We have held that,

> [i]n reviewing challenges to findings and rulings made by a circuit court, we apply a two-pronged deferential standard of review. We review the rulings of the circuit court concerning a new trial and its conclusion as to the existence of reversible error under an abuse of discretion standard, and we review the circuit court's underlying factual findings under a clearly erroneous standard. Questions of law are subject to a de novo review.

Syl. Pt. 3, *State v. Vance*, 207 W. Va. 640, 535 S.E.2d 484 (2000). With this standard in mind we consider petitioner's assignments of error.

Petitioner first alleges that the circuit court erred in failing to suppress property seized pursuant to a search warrant, including the piece of paper from petitioner's wallet that contained his e-mail address. Petitioner argues that the search warrant obtained by law enforcement is invalid because it was not signed on the "property to be seized" page, or the "premises to be searched" page. Petitioner asserts that in order for a warrant to be valid, both pages must be signed by a magistrate. In reviewing a ruling on a motion to suppress,

> ". . . , an appellate court should construe all facts in the light most favorable to the State, as it was the prevailing party below. Because of the highly fact-specific nature of a motion to suppress, particular deference is given to the findings of the circuit court because it had the opportunity to observe the witnesses and to hear testimony on the issues. Therefore, the circuit court's factual findings are reviewed for clear error." Syllabus point 1, *State v. Lacy,* 196 W.Va. 104, 468 S.E.2d 719 (1996).

Syl. Pt. 13, *State v. White*, 228 W. Va. 530, 722 S.E.2d 566 (2011). Upon our review of the record, we find that the circuit court did not err in finding that the search warrant was valid. Respondent notes, in its argument, that the magistrate signed the search warrant, and that the warrant granted Sgt. Garrett the authority to search the described premises, and seize the described property. Pursuant to Rule 41(c) of the West Virginia Rules of Criminal Procedure,

> [a] warrant shall issue only on an affidavit or affidavits sworn to before the magistrate or a judge of the circuit court and establishing the grounds for issuing the warrant. If the magistrate or circuit judge is satisfied that grounds for the application exist, or that there is probable cause to believe that they exist, that magistrate or circuit judge shall issue a warrant identifying the property or person to be seized and naming or describing the person or place to be searched. The finding of probable cause may be based upon hearsay evidence in whole or in part. Before ruling on a request for a warrant the magistrate or circuit judge may require the affiant to appear personally and may examine under oath the affiant and any witnesses the affiant may produce, provided that such proceeding shall be taken down by a court reporter or recording equipment and made part of the affidavit. The warrant shall be directed to the sheriff or any deputy sheriff of the county, to any member of the department of public safety, or to any police officer

3

of the municipality wherein the property is located, or to any other officer authorized by law to execute such search warrants. It shall command the officer to search, within a specified period of time not to exceed 10 days, the person or place named for the property specified. The warrant may be executed either in the day or night. It shall designate a magistrate to whom it shall be returned.

Rule 41 does not require that the warrant contain multiple signatures from the magistrate; rather, the rule requires that the magistrate make a finding of probable cause based upon the sworn affidavits attached to the complaint. The magistrate's signature on the subject warrant indicated that the magistrate found the requisite probable cause. Accordingly, we find that the warrant was valid, and find that the circuit court did not err in its denial of petitioner's motion to suppress.

Similarly, petitioner complains that the circuit court erred in denying his motion to suppress the piece of paper seized from his wallet. Petitioner complains that the circuit court found that this piece of paper was properly seized pursuant to the warrant, and argues that because the warrant was invalid, the piece of paper should have been suppressed. We have already addressed the validity of the search warrant. Petitioner asserts further that although he gave the officer consent to search his wallet, where the paper was found, that consent only extended to his identification, not other items in the wallet. We disagree, and find no error. It is clear that upon being asked for identification, petitioner tossed his wallet to Trooper Garrett, and allowed Trooper Garrett to examine the contents thereof. The State argues that petitioner gave consent for Trooper Garrett to search the wallet, asserting that,

> [c]onsent to search may be implied by the circumstances surrounding the search, by the person's prior actions or agreements, or by the person's failure to object to the search. Thus, a search may be lawful even if the person giving consent does not recite the talismanic phrase: "You have my permission to search."

*Syl. Pt. 1, State v. Flippo*, 212 W. Va. 560, 575 S.E.2d 170 (2002). We agree and find that in handing wallet to the Trooper in response to a request for identification petitioner provided his implied consent for the Trooper to search his wallet. Consequently, we find no error.

Next, petitioner complains that the circuit court erred in failing to suppress statements he made to law enforcement officers. Petitioner argues that any statements made by him to law enforcement were the result of the alleged invalid search warrant, and complains that he was not advised of his constitutional rights pursuant to *Miranda*. We disagree. The record reflects that at the time petitioner spoke to law enforcement officers, he was not under arrest, nor was he detained. Prior to speaking to officers, petitioner indicated that he wanted to cooperate with the investigation. Trooper Garrett informed petitioner on more than one occasion that he was free to leave. At the time the statements were given, petitioner was not handcuffed, not forced into a police cruiser, and not sequestered to any particular area. Construing all facts in the light most favorable to the State, we find that petitioner was not in custody at the time the statements were given, that the statements were freely given, and find that the circuit court did not err in refusing to suppress the statements.

Petitioner further argues that the circuit court erred in denying his motion for judgment of acquittal. Petitioner explains that while he admitted that he used the e-mail account, the evidence

at trial did not establish that he knowingly failed to register that account, nor did the State prove that petitioner used the Twitter or Skype accounts. Petitioner claims that he was unaware that the images were illegal pornographic images, because he searched the term "barely legal," and consequently believed that the pornography he possessed was legal. We have held that,

> [t]he function of an appellate court when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, is sufficient to convince a reasonable person of the defendant's guilt beyond a reasonable doubt. Thus, the relevant inquiry is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proved beyond a reasonable doubt.

Syl. Pt. 1, *State v. Juntilla*, 227 W. Va. 492, 711 S.E.2d 562 (2011). Further,

> "[a] criminal defendant challenging the sufficiency of the evidence to support a conviction takes on a heavy burden. An appellate court must review all the evidence, whether direct or circumstantial, in the light most favorable to the prosecution and must credit all inferences and credibility assessments that the jury might have drawn in favor of the prosecution. The evidence need not be inconsistent with every conclusion save that of guilt so long as the jury can find guilt beyond a reasonable doubt. Credibility determinations are for a jury and not an appellate court. Finally, a jury verdict should be set aside only when the record contains no evidence, regardless of how it is weighed, from which the jury could find guilt beyond a reasonable doubt." Syl. Pt. 3, in part, *State v. Guthrie,* 194 W.Va. 657, 461 S.E.2d 163 (1995).

Syl. Pt. 2, *Juntilla.*

Upon our review of the record, we find no error. Here, petitioner stipulated at trial that the images found on his laptop satisfied the legal definition of pornography. Petitioner cannot now complain that the State did not meet its burden regarding that element of his crimes. The evidence at trial revealed that petitioner admitted that the seized computer belonged to him, that child pornography was found on the computer, and that he searched for images of very young girls. The State introduced evidence of Form 270 at trial, which form outlines the obligations required of a sexual offender, including the requirement to register and maintain accurate information with the registry. The form informed petitioner that he was required to report any change in registration information within ten days, including screen names, and e-mail addresses. Further, petitioner updated his information in the registry on six occasions between March and October of 2015 but neglected to disclose that he was an active user of Gmail, Twitter and Skype. Additionally, petitioner admitted that the subject e-mail address belonged to him, and this address matched the address found in petitioner's wallet. As a result, petitioner has failed to meet his burden, and we decline to reverse the circuit court's decision.

Finally, petitioner claims that the circuit court considered an impermissible factor in sentencing him, and that his sentence is disproportionate. We find that petitioner's arguments lack merit. First, there is no evidence that the circuit court considered an impermissible factor.

5

Petitioner argues that the circuit court improperly considered evidence regarding petitioner's alleged failure to complete a prior term of supervised probation. Petitioner complains that this evidence was impermissible because he was never granted a full hearing on his prior probation violation. However, the record reflects that the circuit court did not find or consider that petitioner violated his probation, agreeing with petitioner's trial counsel that "before the Court should accept that you weren't successful in following all the terms and conditions of your probation, there should be a full hearing." Consequently, we find no impermissible factors were considered by the Court in sentencing.

As to the alleged disproportionate sentence, we have held that, "[s]entences imposed by the trial court, if within statutory limits and if not based on some unpermissible factor, are not subject to appellate review." Syl. Pt. 4, *State v. Goodnight*, 169 W. Va. 366, 287 S.E.2d 504 (1982). Here, petitioner does not argue, and there is no dispute, that petitioner's sentence is within statutory limits. Consequently, petitioner's sentence is not subject to appellate review, and we find no error.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** January 14, 2019

**CONCURRED IN BY:**

Chief Justice Elizabeth D. Walker
Justice Margaret L. Workman
Justice Tim Armstead
Justice Evan H. Jenkins
Justice John A. Hutchison